UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- X

JAVIER MORALES, CARMEN MORALES, LUSCIA MORALES, SAMANTHA MORALES, CHRISTIAN SANCHEZ, BILLY JOYNER,

       Plaintiffs,

  -against-

THE CITY OF NEW YORK, Police Officer DERICK RUSS, Shield No. 4555, Police Officer MATTHEW DRURY, Shield No. 14564, Police Officer MELCHOR ALBAN, Shield No. 8328, Police Officer SCOTT SMATH, Shield 2019, and Sergeant HENRY DAVERIN, Shield No. 29645, Lieutenant KIRK ANDERSON, Shield No. 1625, Police Officer BRENDAN SYMANSKI, Shield No. 16136, Police Officer CHRISTOPHER WALSH, Shield No. 23571, Police Officer CHRISTOPHER DALTO, Shield No. 5804, Police Officer TYRONE GILL, Shield No. 20089, Police Officer ARTHUR RICCIO, Shield No. 22700,

       Defendants.
------------------------------------------------------- X

**SECOND AMENDED COMPLAINT**

Jury Trial Demanded

15 CV 06125 (CBA)(LB)

  Plaintiffs, JAVIER MORALES, CARMEN MORALES, LUSCIA MORALES, SAMANTHA MORALES, CHRISTIAN SANCHEZ, and BILLY JOINER by their attorney, Amy Rameau, Esq., allege the following, upon information and belief, for this Complaint:

## INTRODUCTION

1. This is a civil rights action for money damages brought pursuant to 42U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and the common law of the State of New York, against the defendants mentioned above in their individual and official capacities, and against the City of New York.

2. Defendants Police Officer JOHN and JANE DOE # 1 through 20 (collectively, the "Defendants") assaulted and seriously injured Plaintiffs all without any justification or due cause.

3. Plaintiffs seek compensatory and punitive damages and an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

4. At least thirty days have elapsed since the service of the notice of claims, and adjustment or payment of the claim has been neglected or refused.

5. This action has been commenced within one year and ninety days after the happening of events upon which the claims are based.

## JURISDICTION

6. This Court has subject matter jurisdiction over

the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiffs also assert jurisdiction over the City of New York under 28 U.S.C. §§ 1331 and 1367. Plaintiffs request that this Court exercise pendent jurisdiction over any state law claims arising out of the same common nucleus of operative facts as Plaintiffs' federal claims.

## VENUE

7. Under 28 U.S.C. § 1391 (b) and (c), venue is proper in the Eastern District of New York.

## PARTIES

8. Plaintiff JAVIER MORALES was at all material times a resident of the City of New York, New York State, and of proper age to commence this lawsuit.

9. Plaintiff CARMEN MORALES was at all material times a resident of the City of New York, New York State, and of proper age to commence this lawsuit.

10. Plaintiff LUSCIA MORALES was at all material times a resident of the City of New York, New York State, and of proper age to commence this lawsuit.

11. Plaintiff SAMANTHA MORALES was at all material times a resident of the City of New York, New York State, and of proper age to commence this lawsuit.

12. Plaintiff CHRISTIAN SANCHEZ was at all material

times a resident of the City of New York, New York State, and of proper age to commence this lawsuit.

13. Plaintiff BILLY JOYNER was at all material times a resident of the City of New York, New York State, and of proper age to commence this lawsuit.

14. Defendant Police Officer DERICK RUSS, Shield No. 4555 ("Russ"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Russ is sued in his individual and official capacities.

15. Defendant Russ at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' constitutional rights.

16. Defendant Police Officer MATTHEW DRURY, Shield No. 14564 ("Drury"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Drury is sued in his individual and official capacities.

17. Defendant Drury at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' constitutional rights.

18. Defendant Police Officer MELCHOR ALBAN, Shield No. 8328 ("Alban"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Alban is sued in his individual and official capacities.

4

19. Defendant Alban at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' constitutional rights.

20. Defendant Police Officer SCOTT SMATH, Shield No. 2019 ("Smath"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Smath is sued in his individual and official capacities.

21. Defendant Smath at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' constitutional rights.

22. Defendant Sergeant HENRY DAVERIN, Shield No. 29645 ("Daverin"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Daverin is sued in his individual and official capacities.

23. Defendant Daverin at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' constitutional rights.

24. Defendant Lieutenant Kirk Andersen, Shield No. 1625 ("Andersen"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Andersen is sued in his individual and official capacities.

25. Defendant Andersen at all relevant times herein, either directly participated or failed to intervene in the

5

violation of plaintiffs' constitutional rights.

26. Defendant Police Officer Brendan Symanski, Shield No. 16136 ("Symanski"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Symanski is sued in his individual and official capacities.

27. Defendant Symanski at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' constitutional rights.

28. Defendant Police Officer Christopher Walsh, Shield No. 23571 ("Walsh"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Walsh is sued in his individual and official capacities.

29. Defendant Walsh at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' constitutional rights.

30. Defendant Police Officer Christopher Dalto, Shield No. 5804 ("Dalto"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Dalto is sued in his individual and official capacities.

31. Defendant Dalto at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' constitutional rights.

32. Defendant Police Officer Tyrone Gill, Shield No.

20089 ("Gill"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Gill is sued in his individual and official capacities.

33. Defendant Gill at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' constitutional rights.

34. Defendant Police Officer Arthur Riccio, Shield No. 22700 ("Riccio"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Riccio is sued in his individual and official capacities.

35. Defendant Riccio at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' constitutional rights.

36. The individual defendants at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' constitutional rights.

37. Defendant City of New York (hereinafter "The City") is, and was at all relevant times, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The City operates the N.Y.P.D., a department or agency of defendant City responsible for the appointment, training, supervision, promotion and discipline of officers and supervisory officers,

including the Defendants.

# FACTUAL ALLEGATIONS

38. On the night of August 2, 2014, the plaintiffs were celebrating the birthdays of Javier and Carmen Morales at Javier's home located at 330 Van Siclen Avenue, County of Kings, City and State of New York

39. The party continued into the early morning hours of August 3, 2014.

40. The party consisted of friends, neighbors and other relatives of the Morales family.

41. At some point on August 3rd, officers entered through the threshold of plaintiffs' property without any reasonable basis, exigent circumstance or lawful means.

42. The plaintiffs never gave them permission to enter their property and told the defendant officers Russ, Drury, Alban, Smath, Daverin, Andersen, Symanski, Walsh, Dalto, Gill and Riccio they had no legal basis for entering as they had no warrant and there was no other basis.

43. The defendant officers persisted and forced their way into the apartment.

44. The defendants proceeded to assault and batter the plaintiffs, using an excessive amount of force and causing

8

plaintiffs to sustain a series of physical injuries.

45. Plaintiff Billy Joyner was in the back of the location when he saw the officers inside the house. Mr. Joyner lifted his hands up in surrender and asked if he could leave the house. An officer responded that Mr. Joyner could leave the house. As plaintiff was walking down the steps, other officers tackled plaintiff to the wall and cuffed him.

46. Plaintiffs Javier, Carmen, Luscia, Christian, and Billy were all arrested and taken to the precinct.

47. Christian was given a criminal summons and released from the precinct.

48. The summons was dismissed at or before the first court appearance.

49. Javier, Carmen, Luscia, and Billy were all taken to Central Booking where they were released without seeing a judge when the District Attorney declined to prosecute their cases.

50. As a result of the Defendants' actions, Plaintiffs suffered serious physical injuries, mental and emotional harm, loss of liberty, loss of reputation, and other damages.

## **FIRST CLAIM**
### **42 U.S.C. § 1983**

51. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

52. Defendants, by their conduct toward plaintiffs alleged herein, violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

53. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## **SECOND CLAIM**
### **False Arrest**

54. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

55. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

56. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

57. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

58. By their conduct, as described herein, the individual defendants are liable to plaintiffs for falsely imprisoning and falsely arresting plaintiffs.

59. Plaintiffs were conscious of their confinement.

60. Plaintiffs did not consent to their confinement.

61. Plaintiffs' confinement was not otherwise privileged.

62. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

63. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.


## FOURTH CLAIM
### Unreasonable Force

64. Plaintiffs repeats and realleges each and every allegation as if fully set forth herein.

65. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

66. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FIFTH CLAIM
## State Law Assault and Battery

67. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

68. By their conduct, as described herein, the defendants are liable to plaintiffs for having assaulted and battered them.

69. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

70. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

## SIXTH CLAIM
### Malicious Abuse Of Process

71. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

72. The individual defendants issued legal process to place Plaintiffs under arrest.

73. The individual defendants arrested Plaintiffs in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their unlawful entry into their home and their assaults of them.

74. The individual defendants acted with intent to do harm to Plaintiffs without excuse or justification.

75. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Unreasonable Search and Seizure

76. Plaintiffs repeats and realleges each and every allegation as if fully set forth herein.

77. The defendants violated the Fourth and Fourteenth Amendments because they entered plaintiffs' home without a warrant and unlawfully searched the home and seized the plaintiffs.

13

78. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
## Negligent Hiring/Training/Retention Of Employment Services

79. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

80. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

81. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

82. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

83. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

84. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
## Intentional Infliction of Emotional Distress

85. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

86. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon Plaintiff.

87. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

88. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon Plaintiff. Defendant City, as employer

of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

89. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## TENTH CLAIM
## Negligent Infliction of Emotional Distress

90. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

91. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon Plaintiffs.

92. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

16

93. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon Plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

94. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages hereinbefore alleged.

## ELEVENTH CLAIM
**Deliberate Indifference to Safety/Medical Needs**

95. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

96. The individual defendants were of a risk to plaintiffs' safety and a need for medical care and failed to act in deliberate indifference to plaintiffs' needs.

97. Accordingly, defendants violated the fourteenth amendment because they acted with deliberate indifference to plaintiffs' medical needs and safety.

98. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

### TWELFTH CLAIM
### Failure To Intervene

99. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

100. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

101. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

102. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRTEENTH CLAIM
### *Monell*

103. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

104. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

105. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of

police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

106. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

107. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

108. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct. These policies, practices, and customs were the moving force behind plaintiff's injuries.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   May 20, 2016
                Brooklyn, New York

Afsaan Saleem, Esq.
The Rameau Law Firm
16 Court Street, 2504
New York, New York 11241
(718) 852-4759
saleemlawny@gmail.com

*Attorney for plaintiffs*

TO:      All Defendants
            Corporation Counsel of the City of New York